**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

CAMILLE NWAEFULU,

Plaintiff,

v.

Case No. 1:26-cv-00726-PTG-WBP

MARIUS IFEDIORANMA CHUKWURAH,

Defendant.

---

**DEFENDANT'S VERIFIED ANSWER AND STATEMENT OF AFFIRMATIVE DEFENSES**

COMES NOW defendant, MARIUS IFEDIORANMA CHUKWURAH (the "Defendant"), by counsel, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure files this Answer and Statement of Affirmative Defenses to the Complaint filed herein by Plaintiff, CAMILLE NWAEFULU ("Plaintiff"), and states:

**PRELIMINARY STATEMENT AND GENERAL RESPONSES**

1. Defendant answers the Complaint filed herein and asserts affirmative defenses as set forth below.

2. Defendant responds to the numbered allegations of the Complaint in accordance with Federal Rule of Civil Procedure 8(b) by admitting, denying, or stating that Defendant lacks knowledge or information sufficient to form a belief about the truth of an allegation. Fed. R. Civ. P. 8(b); see also Falls v. Check Mart of La., Inc., No. 15-1065, 2016 U.S. Dist. LEXIS 100349 (E.D. La. Aug. 1, 2016). Unless expressly admitted, Defendant denies each and every allegation of the Complaint.

3. Additionally, Defendant expressly reserves and does not waive the right to file any and all motions available under Fed. R. Civ. P. 12(b), (c), (e)–(f).

4. Defendant's responses are made based on information presently available, and Defendant reserves the right to amend or supplement these responses as permitted by the Federal Rules of Civil Procedure and as discovery proceeds.

## ANSWER

### Introduction

A. Defendant admits that on or about August 20, 2025, he posted a multi-part Instagram response titled "For the Record" (the "Response") on his Instagram account in, inter alia, self-defense and direct response to Plaintiff's own prior public Instagram posts in which Plaintiff publicly defamed Defendant using his complete birth name and Instagram handle, falsely accused him of felony criminal and other inappropriate conduct including, but not limited to, non-consensual recording and distribution of intimate images, and disseminated a purported or materially altered confidential FERPA or Title IX protected correspondence to a public audience.

B. Defendant denies that any statement in the Response was false, defamatory, or made with malice, or recklessly, and denies that Plaintiff suffered any damages whatsoever proximately caused by Defendant's posting or Response.

C. Defendant denies each and every remaining allegation contained in the "Introductory" paragraph of the Complaint, including, but not limited to, the characterization of the Response as "coordinated" and the characterization of Defendant's statements as accusations of "serious misconduct" rather than truthful descriptions of Plaintiff's documented defamatory or other misconduct and Defendant's protected expressions of opinion.

D. Defendant denies that the Response constitutes any species of defamation, defamation per se or defamation per quod, and specifically denies that any statement legitimately ascribed to Defendant unjustifiably: (a) imputes criminal conduct to Plaintiff, (b) necessarily prejudices Plaintiff in her profession, or otherwise, or (c) constitutes a provably false statement of fact rather than non-actionable opinion, rhetorical hyperbole, or interpretation of disclosed facts.

E. Defendant affirmatively states that the Response did not reference, discuss, or comment upon Plaintiff's professional performance, technical abilities, or fitness for her purported employment as a cybersecurity engineer, and that Plaintiff's own Complaint confirms the harm, if any, she alleges is self-inflicted, personal and/or social, or inconsequential and not professional: she alleges being exposed to "public hatred, contempt, embarrassment, ridicule, or disgrace" and being "shunned and isolated within her shared community," however, does not allege she lost her job, faced a security clearance denial or investigation, was disciplined by her employer, or suffered any bona fide economic losses. The per se framework requires a distinct professional nexus, which Plaintiff's own pleading fails to establish in any respect.

F. Plaintiff alludes to suffering "special damages/actual injury," however, she fails to allege any facts constituting "special damages" or "actual injury," and alleges only specious, conclusory or formulaic allegations of defamation, per quod, and per se.

G. Unless admitted herein, Defendant categorically denies each and every allegation contained under the heading "Introduction," and appearing on pages 1–3 in unnumbered paragraphs of the Complaint.

H. Defendant denies that Plaintiff's claimed damages were caused by any actionable statement by Defendant and denies that the amount in controversy exceeds $75,000.00 as a result of any defamatory conduct by Defendant.

## PARTIES

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 and therefore categorically denies the same.

2. Defendant admits the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. Defendant denies that jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1).

4. Defendant denies that the amount in controversy exceeds $75,000.00 as a result of any actionable conduct by Defendant. Defendant specifically denies that he published or "republished" defamatory statements, denies that his statements were defamatory, denies that Plaintiff suffered reputational injury, emotional distress or other damages proximately caused by any alleged statement or actionable statement of Defendant, and affirmatively states that any reputational consequences Plaintiff experienced were self-inflicted or caused by her own decision to create a public controversy by posting on Instagram in 2024, publicly naming Defendant, and disseminating a purported confidential FERPA-protected Title IX findings letter, which Plaintiff materially altered. Unless specifically admitted, Defendant denies each and every remaining allegation contained in this paragraph No. 4.

**FACTS**

5. Defendant categorically denies each and every allegation stated in Paragraph 5, and demands strict proof thereof.

6. Defendant categorically denies each and every allegation stated in Paragraph 6, and demands strict proof thereof.

7. Defendant categorically denies each and every allegation stated in Paragraph 7, and demands strict proof thereof. However, without waiving that denial, it readily appears from Plaintiff's allegations in paragraph No. 7, that Plaintiff played a critical role in instigating, and manufacturing and causing materially false allegations of misconduct against Defendant to be investigated by the University. It further appears from Plaintiff's allegations in paragraph No. 7, that Plaintiff was an officious intermeddler, as Plaintiff had no actual or former affiliation with Howard University, she had no role as a counselor or advocate, and Plaintiff was not an attorney at law. Before Howard University and its Title IX Office, Plaintiff used the alias or false name of "Camille Isioma" to, inter alia, hide her true identity.

8. Defendant categorically denies each and every allegation stated in Paragraph 8, and demands strict proof thereof.

9. Defendant denies the allegations of Paragraph 9 as stated, the allegations being premised on a document whose authenticity, completeness, accuracy, and provenance Plaintiff has not established and which Defendant does not admit. Plaintiff bears the burden of establishing the legitimacy of the document upon which her allegations rely, and Defendant is not required to admit any allegation premised upon it unless and until she does so. Defendant demands strict proof thereof.

10. Defendant categorically denies each and every allegation stated in Paragraph 10, and demands strict proof thereof.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore categorically denies the same.

12. Defendant categorically denies each and every allegation stated in Paragraph 12, and demands strict proof thereof. Defendant denies that Plaintiff's 2024 Instagram posts were motivated by "renewed messages and reactions from third parties" or were posted "for clarification purpose." Defendant affirmatively states that Plaintiff's 2024 posts were a premeditated escalation of her years-long campaign against Defendant (not a response to any third-party inquiries); but, due to Defendant's abject rejection of Plaintiff's purported friendship and romantic overtures. In 2024, Plaintiff made posts on Instagram publicly naming Defendant by full name and Instagram handle, and she knowingly attached portions of a purported Howard University document that was not authentic and materially altered by Plaintiff by eliminating for example the "CONFIDENTIAL" stamp on its face and the names of certain alleged participants. See, e.g., ECF #1, p. 28 of 59, pg. ID#28. Plaintiff knew that the purported Howard University documents are FERPA-protected education records under 20 U.S.C. § 1232g. Defendant further affirmatively states that by publicly posting on Instagram naming Defendant, attaching the altered confidential document, accusing him of felony criminal conduct, and broadcasting her false accusations to a public audience, Plaintiff voluntarily created a public controversy and thrust herself to the forefront of that controversy, thereby becoming a limited-purpose public figure within the meaning of Gertz v. Robert Welch, Inc., 418 U.S. 323, 345 (1974). As a limited-purpose public figure, Plaintiff must

allege and prove actual malice by clear and convincing evidence, a standard she has not met and cannot meet.

13. In self-defense, Defendant admits that on or about August 20, 2025, he posted a multi-part Instagram response in direct response to Plaintiff's own prior public Instagram posts in which Plaintiff publicly named Defendant by full name and Instagram handle, falsely accused him of felony criminal conduct, and illegally disseminated materially altered, confidential FERPA-protected Title IX findings letter to a public audience. Defendant denies the Complaint's characterization of the Response as "coordinated," which implies premeditated orchestration rather than what it was: a direct response to Plaintiff's unfounded, malicious public assault on Defendant's character and professional reputation. Defendant denies that the number of posts is relevant to any element of Plaintiff's claims or that the posts were excessive or inappropriate in any way. The length of the Response was proportionate to the severity and scope of Plaintiff's false and malicious public accusations of felonious conduct. Defendant denies that the Response constitutes defamation or contains untrue materials and categorically denies every remaining allegation contained in paragraph 13.

14. Defendant lacks sufficient knowledge or information to form a belief as to Plaintiff's employment and therefore categorically denies the allegations made in paragraph No. 14. Defendant had no knowledge or understanding of Plaintiff's employment, employer, or professional role at the time he posted the Response.

15. Defendant denies each and every allegation contained in this paragraph No. 15, and demands strict proof thereof. Defendant affirmatively states that the professional qualities Plaintiff claims to possess, including but not limited to, integrity, credibility, discretion, sound judgment, strict adherence to rules, and trustworthiness, are contradicted by Plaintiff's own misconduct in this matter. Plaintiff, an alleged "cybersecurity professional" who claims her work requires the handling of sensitive or classified information with strict adherence to rules and discretion, unlawfully obtained a confidential FERPA-protected education record (see ECF #1, Exh. A (p. 25 of 59, pg. ID#25), and p. 28 of 59, pg. ID#28) that was not addressed to her, materially altered the

document by removing the "CONFIDENTIAL" stamp and redacting all names except Defendant's name, and posted the materially altered document on a public social media platform without authorization from the Howard University or Defendant. See ECF #1, Exh. A p. 28 of 59, pg. ID#28. Plaintiff used a fake name, Camille Isioma, before Howard's Title IX Office demonstrating subterfuge, pretense and incredulity during official University proceedings. A professional who claims that strict adherence to rules, careful judgment, confidentiality, and trustworthiness are essential functions of her job and then materially alters and publishes a confidential University document on Instagram or social media has violated the very qualities she claims to possess. To the extent Plaintiff claims her federal security clearance eligibility was herein jeopardized, Defendant affirmatively states that a cybersecurity professional who materially alters a document by, inter alia, removing confidentiality markings from a protected document and illegally and publicly posts it on Instagram has, and uses an alias unbeknownst to the University or Defendant, by her own purposeful, wilful, intentional, reckless, or negligent conduct, created a far greater threat to her employment, profession and security clearance eligibility than any statement ascribed to Defendant. Plaintiff's judgement is further questioned by the inclusion of ECF #1, Exh. A (p. 25 of 59, pg. ID#25), and p. 28 of 59, pg. ID#28 in this public record in lieu of the same being filed under seal, pursuant to LCvR 5.

16. Defendant categorically denies each and every allegation contained in this paragraph No. 16, and demands strict proof thereof. Defendant specifically denies that he knew of Plaintiff's employment or professional role, denies that he viewed Plaintiff's LinkedIn profile, and denies that he viewed, accessed, or relied upon any employment information on Plaintiff's Instagram profile in connection with the Response. Defendant had blocked Plaintiff on social media and did not view her profiles. The fact that information "could" have been viewed does not establish that it was viewed, and Plaintiff bears the burden of proving Defendant's knowledge of such facts, not merely its theoretical availability.

17. Defendant categorically denies each and every allegation contained in this paragraph No. 17, and demands strict proof thereof. Defendant's observations were personal opinions, not

clinical diagnoses. Defendant is a cardiologist, not a psychiatrist or psychologist, and expressly disclaimed expertise in mental health within the very statement Plaintiff challenges. Moreover, Plaintiff never had any clinical or professional relationship with Defendant.

18. Regarding paragraph No. 18, Defendant admits that he maintains a public Instagram account under the handle @dr_mazi, and that the account identifies him by name and displays photographs of him. Defendant denies that the characterization "medical specialist" accurately describes how he presents himself on the account. Defendant affirmatively states that his Instagram profile specifically identifies him as a cardiologist and Board Certified Sports Cardiologist with affiliations in cardiovascular medicine, as Plaintiff's own Exhibit D confirms. Defendant does not present himself as a psychiatrist, psychologist, or mental health professional on his Instagram account or anywhere else. Except as or where specifically admitted, Defendant categorically denies each and every remaining allegation stated in paragraph No. 18, and demands strict proof thereof.

19. Regarding the allegations stated in paragraph No. 19, Defendant admits that his Instagram profile identifies him as 'Mazi, MD, FACC' and describes him as a cardiologist and Board Certified Sports Cardiologist with professional affiliations including MGH-Harvard Cardiovascular Performance, Penn Cardiology, and Duke Medicine. Defendant affirmatively states that each of these credentials is in the field of cardiology and cardiovascular medicine, none is in psychiatry, psychology, or any mental health discipline, and no reasonable viewer of his profile would understand his area of medical expertise to be anything other than the human heart.

20. Regarding the allegations stated in paragraph No. 20, Defendant admits that at the time of posting his account had approximately 48,000 to 50,000 followers. Defendant affirmatively states that the size of his audience is relevant only in comparison to the scope of Plaintiff's own prior public attack upon Defendant, which was posted on Instagram to Plaintiff's own public audience and remains publicly accessible to any Instagram user to this day, or who saved personal copies of her published posts. Defendant's Response was posted to a comparable audience on the same platform Plaintiff selected for her own false and defamatory accusations against Defendant.

Unless specifically admitted, Defendant denies each and every remaining allegation contained in this paragraph.

21. Regarding the allegations stated in paragraph No. 21. Defendant admits that on or about August 20, 2025, he posted a multi-part Instagram response titled “For the Record” in direct response in self-defense and in response to Plaintiff’s own prior public defamatory Instagram where Plaintiff named Defendant by full name and Instagram handle, falsely accused him of felonious conduct, and knowingly and intentionally disseminated materially altered confidential FERPA-protected Title IX documents. Defendant categorically denies that the Response constitutes defamation and categorically denies each and every remaining allegation stated in this paragraph, and demands strict proof thereof.

22. Regarding the allegations stated in paragraph No. 22, Defendant admits that the Response was viewable by his followers. Defendant categorically denies each and every remaining allegation stated in this paragraph, and demands strict proof thereof.

23. Regarding the allegations stated in paragraph No. 23, Defendant categorically denies each and every remaining allegation stated in this paragraph, and demands strict proof thereof.

24. Regarding the allegations stated in paragraph No. 24, Defendant admits that the Response referenced Plaintiff by name and nickname and included photographs. Defendant categorically denies each and every remaining allegation stated in this paragraph, and demands strict proof thereof.

25. Regarding the allegations stated in paragraph No. 25, Defendant admits that the Response stated sufficient identifiers to allow viewers to understand he was referring to Plaintiff. Defendant categorically denies each and every remaining allegation stated in this paragraph, and demands strict proof thereof.

**The Defamatory Allegations**

26. Regarding the allegations stated in paragraph No. 26, Defendant admits that the Response began with the language quoted; however, Defendant denies that the quoted language is

defamatory. The statement is an introductory expression signaling Defendant intended to provide his account.

27. While Defendant admits he made quoted statements regarding Plaintiff's misconduct and that the self-defense Response speaks for itself, Defendant denies those statements were false or defamatory. Unless specifically admitted, Defendant categorically denies each and every remaining allegation contained in paragraph No. 27.

28. Defendant admits he made the statements quoted and ascribed to him in paragraph No. 28. Defendant denies such were false or defamatory. Defendant's quoted statements in context are absolutely truthful. Both Defendant and members of his family were uncomfortable and feared for their safety as a result of Plaintiff's aggressive pursuit of and obsession with Defendant. Unless specifically admitted, Defendant categorically denies each and every remaining allegation contained in paragraph No. 28.

29. In context, Defendant admits that he made the statements quoted in paragraph No. 29 and ascribed to Defendant. Defendant denies that such statements in context are false or defamatory. They are truthful. Unless specifically admitted, Defendant categorically denies each and every remaining allegation contained in paragraph No. 29.

30. In context, Defendant admits that he made the statements quoted in paragraph No. 30 and ascribed to Defendant. Defendant denies that such statements in context are false or defamatory. They are truthful statements. Unless specifically admitted, Defendant categorically denies each and every remaining allegation contained in paragraph No. 30.

31. In context, Defendant admits that he made the statements quoted in paragraph No. 31 and ascribed to Defendant. Defendant denies that such statements in context are false or defamatory. They are truthful statements. Unless specifically admitted, Defendant categorically denies each and every remaining allegation contained in paragraph No. 31.

32. In context, Defendant admits that he made the quoted statements referencing his personal observations regarding Plaintiff's gross, unreasonable misconduct. The Complaint intentionally omits Defendant's express disclaimer of expertise in mental health. Defendant's

observations were personal opinions, not clinical diagnoses. Defendant denies that such statements in context are false or defamatory. Unless specifically admitted, Defendant categorically denies each and every remaining allegation contained in paragraph No. 32.

33. In response to the allegations stated in paragraph No. 33, Defendant admits that the Response included screenshots or quotations of certain third-party statements as stated in paragraph No. 33. Defendant denies that he "adopted" any third-party statement as a factual assertion of his own, denies that any such third-party statement was false and defamatory, and denies that any such inclusion was done with malice or caused Plaintiff any harm or damages that were not self-inflicted by Plaintiff or as a result of her negligent, grossly negligent, reckless, wanton, or intentional misconduct. Unless specifically admitted, Defendant categorically denies each and every remaining allegation contained in paragraph No. 33, and demands strict proof thereof.

34. Defendant categorically denies each and every allegation contained in paragraph No. 34, and demands strict proof thereof. Defendant denies that his statements fall within any recognized category of defamation per se under Virginia law. Truth is an absolute defense. Gazette, Inc. v. Harris, 229 Va. 1, 15 (1985). The Response did not reference Plaintiff's professional performance or fitness for employment. Yeagle v. Collegiate Times, 255 Va. 293 (1998).

35. Defendant categorically denies each and every allegation contained in paragraph No. 35, and demands strict proof thereof. Defendant's Response is protected by the self-defense privilege. Plaintiff initiated this public dispute by posting on Instagram in 2024. Defendant's Response was a direct and proportionate response posted through the same medium to the same scope of audience.

36. Defendant categorically denies each and every allegation contained in paragraph No. 36, and demands strict proof thereof. Defendant's Response is protected by self-defense and other privileges. Plaintiff initiated this public dispute by posting on Instagram in 2024. Defendant's Response was a direct and proportionate response posted through the same medium to the same scope of audience.

37. Defendant categorically denies each and every allegation contained in paragraph No. 37, and demands strict proof thereof. Defendant's Response is protected by self-defense and other privileges or affirmative defenses. Plaintiff initiated this public dispute by posting on Instagram in 2024. Defendant's Response was a direct and proportionate response posted through the same medium to the same scope of audience as Plaintiff's defamatory statements. Defendant denies that his statements were made with malice, denies knowledge of falsity, and denies reckless disregard for the truth. Defendant affirmatively states that every material statement in the Response was based on first-hand personal knowledge, documented evidence, and a genuine good faith belief in its truth. Defendant did not at any time entertain serious doubts about the truth of any material statement in the Response. See St. Amant v. Thompson, 390 U.S. 727, 731 (1968).

38. Defendant categorically denies each and every allegation contained in paragraph No. 38, and demands strict proof thereof. Defendant denies that the Response conveys any false and defamatory meaning about Plaintiff. Defendant further states that the Response consisted of Defendant's account of events and commentary based on information known to him at the time, and for purposes of setting forth a reasonable defense to Plaintiff's false, malicious, and defamatory statements about Defendant. Defendant denies that Plaintiff has alleged or may prove falsity, malice, causation, or damages.

39. Defendant categorically denies each and every allegation contained in paragraph No. 39, and demands strict proof thereof. Defendant denies that the Response conveys any false and defamatory meaning about Plaintiff. Defendant further states that the Response consisted of Defendant's account of events and commentary based on information known to him at the time, and for purposes of setting forth a reasonable defense to Plaintiff's false, malicious, and defamatory statements about Defendant. Defendant denies that Plaintiff has alleged or may prove falsity, malice, causation, or damages.

40. Defendant categorically denies each and every allegation contained in paragraph No. 40, and demands strict proof thereof.

**Falsity**

41. Defendant categorically denies each and every allegation contained in paragraph No. 41, and demands strict proof thereof. Truth is an absolute defense to a claim of defamation under Virginia law. Gazette, Inc. v. Harris, 229 Va. 1, 15 (1985).

42. Defendant categorically denies each and every allegation contained in paragraph No. 42, and demands strict proof thereof. Truth is an absolute defense to a claim of defamation under Virginia law. Gazette, Inc. v. Harris, 229 Va. 1, 15 (1985). Defendant's descriptions of Plaintiff's conduct were not accusations of criminal stalking. They were truthful descriptions of observed behavior based on Defendant's personal experience, corroborated by multiple independent sources, as set forth in Defendant's responses to Paragraphs 27, 28, and 34 above.

43. Defendant categorically denies each and every allegation contained in paragraph No. 43, and demands strict proof thereof. Truth is an absolute defense to a claim of defamation under Virginia law. Gazette, Inc. v. Harris, 229 Va. 1, 15 (1985). The characterization "con artist" was Defendant's personal opinion based on Plaintiff's documented misconduct, relentless pursuit of Defendant despite his unequivocal rejection of her romantic overtures, fabrication of allegations against Defendant, material alteration of purported University documents and other acts or omissions reflecting gross misconduct. It is a fair characterization of Plaintiff's documented misconduct.

44. Defendant categorically denies each and every allegation contained in paragraph No. 44, and demands strict proof thereof. Defendant's statements about Plaintiff pursuing him to the points of discomfort and fear are true, as set forth in Defendant's response to Paragraph 28 above.

45. Defendant categorically denies each and every allegation contained in paragraph No. 45, and demands strict proof thereof. As set forth in Defendant's response to Paragraph 29, the Nigeria statement was Defendant's rhetorical reaction to a third-party message, not Defendant's own accusation, and is not a defamatory statement in context.

46. Defendant categorically denies each and every allegation contained in paragraph No. 46, and demands strict proof thereof. Defendant's statements that Plaintiff had engaged in similar patterns of conduct toward other men were based on information and belief, on reports received

from multiple individuals within their shared community, as set forth in Defendant's response to Paragraph 27 above.

47. Defendant categorically denies each and every allegation contained in paragraph No. 47, and demands strict proof thereof. Defendant's statements that Plaintiff made false claims in connection with University proceedings were true in that for example, Plaintiff used false names including the name "Camille Isioma" and "Cami Nwae" in connection with Howard's Title IX proceedings, including when she provided materially false information to Howard's Title IX office.

48. Defendant categorically denies each and every allegation stated in Paragraph 48, and demands strict proof thereof.

49. Defendant categorically denies each and every allegation stated in Paragraph 49, and demands strict proof thereof.

50. Defendant categorically denies each and every allegation stated in Paragraph 50, and demands strict proof thereof.

51. Defendant categorically denies each and every allegation stated in Paragraph 51, and demands strict proof thereof.

52. Defendant categorically denies each and every allegation stated in Paragraph 52, and demands strict proof thereof.

53. Defendant categorically denies each and every allegation stated in Paragraph 53, and demands strict proof thereof.

54. Defendant categorically denies each and every allegation contained in paragraph No. 54 as it relates to Defendant engaging in defamatory conduct vis-a-vis Plaintiff, and demands strict proof thereof. Paragraph 54 largely states a legal conclusion to which no response is required; nevertheless, Defendant's statements set forth in the Response are privileged, truthful or otherwise not defamatory. From a legal perspective, Defendant agrees that the Response should be evaluated as a whole and not by parsing isolated phrases. Read as a whole, the Response was submitted in self-defense and in direct response to Plaintiff's prior public accusations of felonious conduct

against Defendant. By the Response, Defendant set forth an objectively reasonable factual basis for his account, presented documentary evidence, shared third-party accounts, expressly disclaimed expertise in mental health, and recommended Plaintiff seek a professional psychiatric evaluation. The overall narrative of the Response, read as a whole, is that of a person defending himself against a public attack by telling his side of the story. No reasonable reader evaluating the Response as a whole would understand it as anything other than personal opinion and commentary within the context of an interpersonal dispute which Plaintiff initiated.

55. Read as a whole, the Response was submitted in self-defense and in direct response to Plaintiff's prior public accusations of felonious or other misconduct against Defendant. By the Response, Defendant set forth an objectively reasonable factual basis for his account, presented documentary evidence, shared third-party accounts, expressly disclaimed expertise in mental health, and recommended Plaintiff seek a professional psychiatric evaluation. The overall narrative of the Response, read cumulatively, is that of a person defending himself against a public attack by telling his side of the story. No reasonable reader evaluating the Response as a whole would understand it as anything other than personal opinion and commentary within the context of an interpersonal dispute which Plaintiff initiated. Except as expressly admitted, Defendant categorically denies each and every allegation contained in paragraph No. 55, and demands strict proof thereof.

56. Defendant categorically denies each and every allegation contained in paragraph No. 56, and demands strict proof thereof. Without waiving that categorical denial, read as a whole, the Response was submitted in self-defense and in direct response to Plaintiff's prior false public accusations of felonious or other misconduct against Defendant. By the Response, Defendant set forth an objectively reasonable factual basis for his account, presented documentary evidence, shared third-party accounts, expressly disclaimed expertise in mental health, and recommended Plaintiff seek a professional psychiatric evaluation. The overall narrative of the Response, read cumulatively, is that of a person defending himself against a maliciously false public attack by telling his side of the story. No reasonable reader evaluating the Response as a whole would

understand it as anything other than personal opinion and commentary within the context of an interpersonal dispute which Plaintiff initiated, maintained and developed.

**Fault**

57. Defendant categorically denies each and every allegation contained in paragraph No. 57, and demands strict proof thereof. Defendant affirmatively states that he acted in good faith based on firsthand knowledge, documentary evidence, and witness accounts, and that at no time did he entertain serious doubts about the truth of his statements.

58. Defendant categorically denies each and every allegation contained in paragraph No. 58, and demands strict proof thereof. As set forth in Defendant's response to Paragraph 14, Defendant had no knowledge of Plaintiff's employment, employer, or professional role at the time he posted the Response. Defendant could not have known or should have known that his statements would prejudice Plaintiff in a profession he did not know she held.

59. Defendant categorically denies each and every allegation contained in paragraph No. 59, and demands strict proof thereof. Defendant affirmatively states that Plaintiff is a limited-purpose public figure who voluntarily created a public controversy by posting on Instagram in 2024, publicly naming Defendant by full name and Instagram handle, attaching and disseminating materially altered, confidential FERPA-protected Howard University Title IX documents addressed to a third party and not to her, and broadcasting her account of an alleged private dispute to a public audience. Plaintiff thereby voluntarily thrust herself to the forefront of the controversy she created and assumed the status of a limited-purpose public figure or public figure. As a limited-purpose public figure, or public figure, Plaintiff bears the burden of proving by clear and convincing evidence that Defendant made his statements with actual malice, that is, with knowledge of their falsity or with reckless disregard for whether they were true or false. New York Times Co. v. Sullivan, 376 U.S. 254, 84 S. Ct. 710 (1964); Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974); Fitzgerald v. Penthouse Int'l, 691 F.2d 666 (4th Cir. 1982). Plaintiff has not alleged facts that broach or can meet this standard. Defendant posted his Response based on firsthand personal knowledge, documented evidence, sworn witness declarations, and official records, and

held a genuine subjective good faith belief in the truth of every material statement. Plaintiff has not alleged any facts which satisfies the actual malice standard by clear and convincing evidence.

60. Defendant categorically denies each and every allegation contained in paragraph No. 60, and demands strict proof thereof. As a limited-purpose public figure, or public figure, Plaintiff bears the burden of proving by clear and convincing evidence that Defendant made his statements with actual malice, that is, with knowledge of their falsity or with reckless disregard for whether they were true or false. New York Times Co. v. Sullivan, 376 U.S. 254, 84 S. Ct. 710 (1964); Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974); Fitzgerald v. Penthouse Int'l, 691 F.2d 666 (4th Cir. 1982). Plaintiff has not alleged facts that broach or can meet this standard.

61. Defendant categorically denies each and every allegation contained in paragraph No. 61, and demands strict proof thereof. Defendant affirmatively states that the Response was posted in self-defense and/or in direct response to Plaintiff's own false, defamatory and malicious public accusations against Defendant and was motivated by a sincere and documented desire to correct the record, not by personal spite, malice or for any other illegal or improper reason.

62. Defendant categorically denies each and every allegation contained in paragraph No. 62, and demands strict proof thereof. Defendant affirmatively states that the Response was posted in self-defense and/or in direct response to Plaintiff's own false, defamatory and malicious public accusations against Defendant and was motivated by a sincere and documented desire to correct the record, not by personal spite, malice or for any other illegal or improper reason.

63. Defendant categorically denies each and every allegation contained in paragraph No. 63, and demands strict proof thereof. Defendant affirmatively states that the Response was posted in self-defense and/or in direct response to Plaintiff's own false, defamatory and malicious public accusations against Defendant and was motivated by a sincere and documented desire to correct the record, not by personal spite, malice or for any other illegal or improper reason.

64. Defendant categorically denies each and every allegation contained in paragraph No. 64, and demands strict proof thereof. Defendant affirmatively states that the Response was posted in self-defense and/or in direct response to Plaintiff's own false, defamatory and malicious public

accusations against Defendant and was motivated by a sincere and documented desire to correct the record, not by personal spite, malice or for any other illegal or improper reason.

65. Defendant categorically denies each and every allegation contained in paragraph No. 65, and demands strict proof thereof. Defendant affirmatively states that the Response was posted in self-defense and/or in direct response to Plaintiff's own false, defamatory and malicious public accusations against Defendant and was motivated by a sincere and documented desire to correct the record, not by personal spite, malice or for any other illegal or improper reason.

66. Defendant categorically denies each and every allegation contained in paragraph No. 66, and demands strict proof thereof. Defendant denies that any damages or punitive damages are warranted. Plaintiff has not alleged actual malice by clear and convincing evidence.

**DAMAGES**

67. Defendant categorically denies each and every allegation contained in paragraph No. 67, and demands strict proof thereof.

68. Defendant categorically denies each and every allegation contained in paragraph No. 68, and demands strict proof thereof. Defendant denies each and every allegation contained in this paragraph and denies causation. To the extent Plaintiff suffered any reputational harm within her shared community (and she suffered none), that harm was the natural consequence of Plaintiff's own misconduct; not of Defendant's description of it.

69. Defendant categorically denies each and every allegation contained in paragraph No. 69, and demands strict proof thereof. Defendant denies each and every allegation contained in this paragraph and denies causation. Defendant affirmatively states that the scope of his Response was proportionate to and did not exceed the scope of Plaintiff's own prior defamatory public attack upon Defendant, which was posted on Instagram to Plaintiff's own public audience.

70. Regarding the allegations stated in paragraph No. 70 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to what communications Plaintiff received from third parties and therefore denies those allegations, and demands strict proof thereof.

71. Defendant categorically denies each and every allegation contained in paragraph No. 71, and demands strict proof thereof. Defendant denies each and every allegation contained in this paragraph and denies causation.

72. Defendant categorically denies each and every allegation contained in paragraph No. 72, and demands strict proof thereof. Defendant denies each and every allegation contained in this paragraph and denies causation. To the extent Plaintiff's "online business credibility" was affected, Plaintiff's own false and defamatory words in publicly accusing Defendant of, inter alia, felony criminal conduct and attaching a deliberately altered confidential document was far more damaging to her credibility than any statement made by Defendant.

73. Defendant categorically denies each and every allegation contained in paragraph No. 73, and demands strict proof thereof.

74. Defendant categorically denies each and every allegation contained in paragraph No. 74, and demands strict proof thereof.

**COUNT I (DEFAMATION AND LIBEL PER SE)**

75. Defendant incorporates by reference his responses to all preceding paragraphs as if fully set forth herein.

76. Defendant categorically denies each and every allegation contained in paragraph No. 76, and demands strict proof thereof.

77. Defendant categorically denies each and every allegation contained in paragraph No. 77, and demands strict proof thereof.

78. Defendant categorically denies each and every allegation contained in paragraph No. 78, and demands strict proof thereof.

79. Defendant categorically denies each and every allegation contained in paragraph No. 79, and demands strict proof thereof.

80. Defendant categorically denies each and every allegation contained in paragraph No. 80, and demands strict proof thereof.

81. Defendant categorically denies each and every allegation contained in paragraph No. 81, and demands strict proof thereof. Defendant denies that Plaintiff suffered any damages proximately caused by any actionable statement by Defendant. To the extent Plaintiff has been exposed to contempt, embarrassment, or isolation within her shared community, those consequences are attributable to Plaintiff's own defamatory words, actions and other misconduct directed at Defendant and others.

82. Defendant categorically denies each and every allegation contained in paragraph No. 82, and demands strict proof thereof.

83. Defendant categorically denies each and every allegation contained in paragraph No. 83, and demands strict proof thereof.

84. Defendant categorically denies each and every allegation contained in paragraph No. 84, and demands strict proof thereof.

85. Defendant categorically denies each and every allegation contained in paragraph No. 85, and demands strict proof thereof.

86. Defendant categorically denies each and every allegation contained in paragraph No. 86, and demands strict proof thereof.

87. Defendant categorically denies each and every allegation contained in paragraph No. 87, and demands strict proof thereof.

88. Defendant categorically denies each and every allegation contained in paragraph No. 88, and demands strict proof thereof.

89. Defendant categorically denies each and every allegation contained in paragraph No. 89, and demands strict proof thereof.

90. Defendant categorically denies each and every allegation contained in paragraph No. 90, and demands strict proof thereof. Defendant denies each and every allegation contained in this paragraph. Defendant denies that Plaintiff is entitled to any compensatory, presumed, special, or punitive damages, or to any relief whatsoever.

**FIRST AFFIRMATIVE DEFENSE (Truth and Substantial Truth, Absolute Defense)**

All statements made by Defendant in the Response were true or substantially true. Truth is an absolute defense to defamation under Virginia law.

**SECOND AFFIRMATIVE DEFENSE (Public Figure, Limited-Purpose Public Figure, and Actual Malice Required)**

Plaintiff is a public figure or limited-purpose public figure with respect to the controversy at issue in this litigation, and her claims are therefore governed by the actual malice standard of New York Times Co. v. Sullivan, 376 U.S. 254 (1964), and Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974). A person who creates a public controversy cannot claim private-figure status in the controversy she created. See Gertz, 418 U.S. at 351; Fitzgerald v. Penthouse Int'l, 691 F.2d 666 (4th Cir. 1982).

**THIRD AFFIRMATIVE DEFENSE (No Malice Under Any Applicable Standard)**

Even if the negligence standard were applicable, which Defendant denies, Plaintiff cannot establish that Defendant acted negligently. Defendant's statements were grounded in personal firsthand knowledge, documentary records, sworn witness declarations, and official institutional records. A reasonable person with Defendant's knowledge and access to the same records would have posted the same or similar account. Defendant's conduct does not satisfy either the actual malice standard or the negligence standard.

**FOURTH AFFIRMATIVE DEFENSE (Opinion, Fair Comment, and Rhetorical Hyperbole)**

To the extent any of Defendant's statements constituted expressions of opinion, rhetorical hyperbole, or interpretation of disclosed facts rather than provably false statements of fact, those statements are absolutely protected under the First Amendment to the United States Constitution and Virginia law. Defendant's characterizations of Plaintiff's conduct, his observations regarding Plaintiff's behavior patterns, and his commentary on the proceedings and their outcomes were

expressions of his genuinely held views grounded in documented facts known to him. Milkovich v. Lorain Journal Co., 497 U.S. 1 (1990).

**FIFTH AFFIRMATIVE DEFENSE (Plaintiff's Own Conduct, Causation and Failure to Mitigate)**

Plaintiff's own conduct was a direct and proximate cause of any harm she suffered, if any. Plaintiff voluntarily opened the door to the public discourse of which she now complains. Defendant's Response was in self-defense and a direct response to Plaintiff's own false and defamatory posts. Any harm Plaintiff suffered was caused or contributed to by her own voluntary conduct and she is not entitled to recover damages attributable to her own actions. Plaintiff has further failed to take reasonable steps to mitigate her alleged damages; her own decision to publicly name Defendant, attach his deliberately altered confidential institutional records, and broadcast her account of a private dispute exacerbated rather than mitigated any reputational harm.

**SIXTH AFFIRMATIVE DEFENSE (Failure to State a Claim – Fed. R. Civ. P. 12(b)(6) and R. 12(c))**

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff is a limited-purpose public figure who has not adequately pleaded actual malice as constitutionally required. Plaintiff's Complaint applies the negligence standard at Paragraph 59, stating Defendant "knew or should have known," which is constitutionally insufficient for a limited-purpose public figure or public figure plaintiff. This pleading deficiency alone is fatal. Plaintiff has not adequately alleged that Defendant's statements were malicious or false in any material respects. To the extent specific challenged statements constitute non-actionable opinion, rhetorical hyperbole, or interpretation of disclosed facts, they fail as a matter of law. Plaintiff has not adequately alleged damages, or special damages, allegedly caused by Defendant's statements rather than by her own posts, her own misconduct or her own decision to disseminate an intentionally materially altered confidential institutional document, or pre-existing circumstances.

**SEVENTH AFFIRMATIVE DEFENSE (First Amendment, Protected Speech on Matters of Public Concern)**

Defendant's statements are protected by the First Amendment to the United States Constitution. Defendant's Response addressed matters of genuine public concern within his community, specifically the accuracy of public accusations made against him by Plaintiff in her 2024 Instagram posts, the integrity of institutional proceedings in which he was a participant, and the unauthorized dissemination of confidential purported institutional records. The First Amendment broadly protects speech on such matters and cannot give rise to defamation liability absent proof of actual malice by clear and convincing evidence.

**EIGHTH AFFIRMATIVE DEFENSE (Punitive Damages Unconstitutional)**

An award of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Defendant specifically denies that any conduct on his part rises to the level of constitutional malice required for punitive damages. Jordan v. Kollman, 269 Va. 569 (2005).

**NINTH AFFIRMATIVE DEFENSE (Plaintiff Cannot Benefit From Her Own Wrongdoing)**

The doctrine that a party may not benefit from her own wrongdoing bars Plaintiff from using evidence she obtained and posted improperly as the foundation for her claims.

**TENTH AFFIRMATIVE DEFENSE (Statute of Limitations)**

To the extent Plaintiff's claims are based on alleged conduct, statements, or posts occurring outside the applicable statute of limitations, those claims are time-barred and must be dismissed. Plaintiff alleges a multi-year course of conduct extending back to 2018. Any claims based on statements or posts that fall outside the limitations period are barred as a matter of law.

**ELEVENTH AFFIRMATIVE DEFENSE (No Liability for Third-Party Republication)**

To the extent Plaintiff alleges damages arising from third-party republication, saving, or redistribution of the Response beyond its original posting, Defendant denies that he authorized, controlled, or directed any such third-party conduct. Defendant is not liable for the independent acts of third parties over whom he exercised no control.

**TWELFTH AFFIRMATIVE DEFENSE (Reservation of Additional Defenses)**

Defendant reserves the right to assert additional affirmative defenses as they become apparent through discovery and the development of the factual record.

**THIRTEENTH AFFIRMATIVE DEFENSE (Implied Consent, Complete Defense)**

Consent, express or implied, is an absolute and complete defense to defamation. Restatement (Second) of Torts § 583. Plaintiff impliedly consented to the posting of the statements she now challenges. Plaintiff set no limitations on the discourse she initiated. Where no limitations are set, the privilege arising from consent is absolute. Defendant's Response was a direct response to the public discourse Plaintiff created. Plaintiff's implied consent bars her defamation claim in its entirety.

**FOURTEENTH AFFIRMATIVE DEFENSE (Unclean Hands)**

Plaintiff comes to this Court with unclean hands. Plaintiff's wrongful conduct is the foundation of this litigation. The doctrine of unclean hands bars her claims.

**FIFTEENTH AFFIRMATIVE DEFENSE (Assumption of the Risk)**

Plaintiff voluntarily assumed the risk of the harm she now claims. When Plaintiff publicly falsely accused Defendant of criminal sexual misconduct on a public social media platform, she assumed the risk that Defendant would respond publicly. Plaintiff created the very risk she now claims harmed her.

**SIXTEENTH AFFIRMATIVE DEFENSE (Plaintiff's Recording Accusation Was Without Evidentiary Foundation)**

Plaintiff's recording accusation against Defendant was without evidentiary foundation.

**SEVENTEENTH AFFIRMATIVE DEFENSE (Retaliatory Motive)**

Plaintiff's claims arise in retaliation or reprisal for Defendant's abject rejection of Plaintiff's romantic invitations and overtures.

**EIGHTEENTH AFFIRMATIVE DEFENSE (Plaintiff's Accusations Not Based on Personal Knowledge)**

A plaintiff who makes false public accusations without personal knowledge and then sues the accused for responding cannot state a plausible claim for defamation.

**NINETEENTH AFFIRMATIVE DEFENSE (Challenged Statements Are Protected Opinion, Rhetorical Hyperbole, and Characterization Under the First Amendment)**

Under the First Amendment, a statement is actionable as defamation only if it is a provably false assertion of fact. Statements of opinion, rhetorical hyperbole, characterization, and interpretation of disclosed facts are not actionable regardless of the speaker's intent, motive, or state of mind. Milkovich v. Lorain Journal Co., 497 U.S. 1, 19–20 (1990). If a challenged statement cannot be objectively verified as true or false, it is protected speech and the defamation claim must be dismissed without reaching the question of malice. To the extent any statements in the Response characterized Plaintiff as a "liar," a "stalker," a "con artist," or a person who engages in deceptive or manipulative conduct, those statements are protected opinion and rhetorical characterization, not provably false assertions of fact. Whether someone "is a liar" is a subjective assessment of another person's truthfulness that cannot be objectively verified. Whether someone "is a stalker" is a characterization of a pattern of behavior that reflects the speaker's interpretation of conduct, not a provably false factual assertion. Whether someone "is a con artist" is a rhetorical characterization expressing the speaker's view of another person's honesty, not a statement capable of being proven true or false in the way required for a defamation claim. Courts have consistently held that such characterizations are protected opinion. See Milkovich, 497 U.S. at 20; Hustler Magazine, Inc. v.

Falwell, 485 U.S. 46, 50 (1988) (rhetorical hyperbole protected). Because the challenged statements are opinion, characterization, and rhetorical hyperbole based on disclosed facts, Plaintiff's defamation claim fails as a matter of constitutional law.

**TWENTIETH AFFIRMATIVE DEFENSE (Plaintiff Is a Public Figure for Purposes of This Controversy Who Cannot Prove Actual Malice)**

Even if the challenged statements are treated as assertions of fact (which Defendant denies), Plaintiff's claim still fails because Plaintiff is a public figure or limited-purpose public figure for purposes of this controversy who must prove actual malice by clear and convincing evidence and cannot do so. Under Gertz v. Robert Welch, Inc., 418 U.S. 323, 351 (1974), an individual who thrusts herself into the vortex of a public controversy and engages the public's attention in an attempt to influence its outcome becomes a limited-purpose public figure for purposes of that controversy and must satisfy the actual malice standard of New York Times Co. v. Sullivan, 376 U.S. 254, 279–80 (1964).

**TWENTY-FIRST AFFIRMATIVE DEFENSE (Summary of Three Independent Constitutional Grounds for Dismissal)**

Plaintiff's defamation claim fails on three independent constitutional grounds, any one of which requires dismissal: (1) The challenged statements are protected opinion, rhetorical hyperbole, and characterization based on disclosed facts under the First Amendment and Milkovich v. Lorain Journal Co., 497 U.S. 1 (1990), and are therefore not actionable regardless of Defendant's intent or state of mind; (2) Even if treated as factual assertions, the statements are true or substantially true, and truth is an absolute defense under Virginia law; and (3) Even if treated as false factual assertions (which Defendant denies), Plaintiff is a limited-purpose public figure for purposes of this controversy under Gertz v. Robert Welch, Inc., 418 U.S. 323, 351 (1974), who must prove actual malice by clear and convincing evidence, a standard her Complaint does not plead and that she cannot meet.

## TWENTY-SECOND AFFIRMATIVE DEFENSE (Failure to Join Necessary and Indispensable Parties Under Fed. R. Civ. P. 19)

Failure to join necessary and indispensable parties under Fed. R. Civ. P. 19.

## TWENTY-THIRD AFFIRMATIVE DEFENSE (Contributory Negligence)

Plaintiff was contributorily negligent as she failed to act as a reasonable person would have acted for her own safety under the circumstances of this case, which completely bars her from any recovery.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE (Statutory Immunity, Va. Code § 8.01-223.2)

Plaintiff's defamation claim is barred, in whole or in part, by the immunity conferred by Virginia Code § 8.01-223.2. The statements on which Plaintiff sues were made by Defendant regarding matters of public concern that would be protected under the First Amendment to the Constitution of the United States and were communicated to a third party, and Defendant is therefore immune from tort liability under § 8.01-223.2(A).

The exception in § 8.01-223.2(B) does not apply. The statements were true or substantially true, and Defendant did not make any statement with knowledge that it was false, with reason to know that it was false, or with reckless disregard for whether it was false. Defendant's account of Plaintiff's conduct rests on Plaintiff's own communications and public statements, which preclude any showing that Defendant published with knowledge of falsity or reckless disregard for the truth.

Because Defendant is immune under § 8.01-223.2, Defendant is entitled to an award of reasonable attorney fees and costs under § 8.01-223.2(C).

## PRAYER FOR RELIEF

WHEREFORE, Defendant Marius Ifedioranma Chukwurah respectfully requests that this Court:

a. Enter judgment in favor of Defendant and against Plaintiff on all counts of the Complaint and dismiss the Complaint with prejudice;

b. Award Defendant his costs and attorneys' fees to the full extent permitted by law;

c. Enter a temporary restraining order and preliminary or permanent injunction ordering Plaintiff to immediately remove the confidential FERPA-protected Howard University Title IX findings letter from any and all public platforms, including but not limited to Instagram, any social media platform, any website, and any publicly accessible digital or physical location, and enjoining Plaintiff from any further dissemination of the document;

d. Enter a preliminary or permanent injunction enjoining Plaintiff from publishing, posting, or disseminating any further accusations of criminal conduct against Defendant on any platform, including but not limited to accusations of non-consensual recording, distribution of intimate images, or any other criminal act, pending resolution of this litigation;

e. Enter a preliminary or permanent injunction enjoining Plaintiff from any direct or indirect contact with Defendant, his family members, and his professional associates, except through counsel in connection with this litigation, and from monitoring, surveilling, or tracking Defendant's social media accounts, professional activities, or personal activities, whether through her own accounts, fake accounts, or third parties;

f. Upon final judgment, enter a permanent injunction enjoining Plaintiff from publishing or disseminating the confidential FERPA-protected Title IX findings letter, from publishing accusations of criminal conduct against Defendant for which no evidentiary or legal basis exists, and from contacting or harassing Defendant, his family, or his professional associates;

g. Award Defendant his costs and attorneys' fees incurred in connection with seeking injunctive relief, to the full extent permitted by law;

h. Issue such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Defendant Marius Ifedioranma Chukwurah hereby demands a trial by jury on all issues so triable.

**VERIFICATION**

On this 7th day of July, 2026, I declare under penalty of perjury that the foregoing is true and correct.

________________________________
Marius Ifedioranma Chukwurah

Respectfully submitted,
Marius Ifedioranma Chukwurah
By Counsel

________________________________
Robert L. Jenkins, Jr., VSB No. 39161
BYNUM & JENKINS, PLLC
1010 Cameron Street, Suite 123
Alexandria, Virginia 22314
Telephone: (703) 537-5522
RJenkins@BynumAndJenkinsLaw.com
Local Counsel for Defendant

________________________________
Lydia A. Wade, Esq.
LAW OFFICE OF LYDIA A. WADE
D.C. Bar No. 439361 (Pro Hac Vice motion forthcoming)
601 Pennsylvania Avenue, N.W., Suite 905
Washington, D.C. 20004
Telephone: (202) 628-7800
lydia.wade@verizon.net
Counsel for Defendant
Marius Ifedioranma Chukwurah

**CERTIFICATE OF SERVICE**

I hereby certify that on the ____ day of __________, 2026, a true copy of the foregoing was served via the Court's CM/ECF system and/or via email upon counsel of record, George B. Mickum, Esq. and Donna Z. Zhang, Esq., Fox & Moghul, mickum@moghullaw.com; zhang@moghullaw.com.

________________________________
Robert L. Jenkins, Jr., VSB No. 39161